United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Roy O. Daniels, Petitioner ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 19-62464-Civ-Scola |
| State of Florida, Respondent. ) | |
| ) | |

**<u>Order Adopting Magistrate Judge's Recommendation</u>**

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-2 of this Court, for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. On October 7, 2019, Judge Reid issued a report, recommending that the petition for writ of habeas corpus be denied and that the case be dismissed for lack of jurisdiction as an unauthorized second or successive petition. (Rep. & Rec., ECF No. 4.) Petitioner Roy O. Daniels has timely objected to the report. (Pet'r's Objs., ECF No. 5.) After de novo review, the Court adopts Judge Reid's recommendation that this case be dismissed but rejects part of her factual findings regarding Daniels's prior habeas petitions.

Judge Reid notes Daniels "has already filed multiple federal habeas petitions in this Court challenging this same conviction." (Rep. at 1.) She then references two prior petitions he has filed: *Daniels v. State of Florida*, Case No. 16-60227-CV-GAYLES, ECF No. 1 (S.D. Fla. Jan. 28, 2016) and *Daniels v. State of Florida*, Case No. 18-80840-CV-ROSENBERG, ECF No. 1 (S.D. Fla. June 25, 2018).[1] But it appears Daniels has more than one conviction he seeks to attack. And while his cases look to be closely related, the state-case numbers identified in these two actions are different. In this action, Daniels's challenges seem to focus on his **96-19118CF10A** case. And, indeed this is the same state-case identified in the Judge Gayles, 16-60227, case. (*See Daniels v. State of Florida*, Case No. 16-60227-CV-GAYLES, ECF No. 8, 1 (S.D. Fla. Apr. 28, 2016) (finding Daniels's petition time barred and recommending dismissal).) However, in the Judge Rosenberg, 18-80840, case, a different state-case number is identified as being the focus of Daniels's challenge: **2008CF007253**. (*See Daniels v. State of Florida*, Case No. 18-80840-CV-

---

[1] The Court has identified another case which Daniels presented as a § 2254 petition but which the Court construed as either a writ of mandamus or a § 1983 claim: *Daniels v. State of Florida*, Case No. 18-81592-CV-MIDDLEBROOKS, ECF No. 7, 2 (S.D. Fla. Nov. 27, 2018).

ROSENBERG, ECF No. 9, 1 (S.D. Fla. Jul. 25, 2018).). While Daniels may indeed be raising the same issues as to both cases in his two petitions, this is by no means clear from the report. Based on this apparent discrepancy then, the Court cannot adopt that part of the report that characterizes Daniels as a prolific filer, at least with respect to his state 96-19118CF10A case.

Regardless, and as noted by Judge Reid, Daniels's petition is, at a minimum, successive to his petition in the aforementioned Judge Gayles case, and he must therefore "obtain leave from the court of appeals before filing it with the district court." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (citing § 2244(b)(3)(A)). Absent an authorizing order, the Court has no subject-matter jurisdiction to entertain a second or successive petition. *Tompkins v. Sec'y, Dept. of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009). The Court also agrees with Judge Reid that, in the event Daniels intended to bring his claim under 28 U.S.C. § 2241, as opposed to § 2254, the Court would lack jurisdiction: Daniels is currently incarcerated at a facility in Raiford, Florida, and therefore is not confined within the Southern District of Florida's jurisdiction.

The Court thus **affirms and adopts** Judge Reid's recommendation of dismissal for lack of jurisdiction (**ECF No. 4**), but with the modification described above. The Court **denies** Daniels's petition (ECF No. 1) and **overrules** Daniels's objections (**ECF No. 5**): his objections appear to focus solely on the merits of his petition and fail to address in any way the substance of Judge Reid's order.

The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on October 31, 2019.

_____
Robert N. Scola, Jr.
United States District Judge