United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Roy O. Daniels, Petitioner ) | |
| ) | |
| v.  ) | Civil Action No. 19-62464-Civ-Scola |
| ) | |
| State of Florida, Respondent. ) | |

**Order Denying Motion to Proceed *In Forma Pauperis* on Appeal**

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-2 of this Court, for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. On October 7, 2019, Judge Reid issued a report, recommending that the petition for writ of habeas corpus be denied and that the case be dismissed for lack of jurisdiction as an unauthorized second or successive petition. (Rep. & Rec., ECF No. 4.) Petitioner Roy O. Daniels objected to the report. (Pet'r's Objs., ECF No. 5.) After de novo review, the Court adopted Judge Reid's recommendation that this case be dismissed as a second or successive petition and declined to issue a certificate of appealability. (Order, ECF No. 6.) Daniels now seeks permission to proceed on appeal *in forma pauperis*. (ECF No. 8.) After review, the Court **denies** Daniels's motion (**ECF No. 8**).

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers National Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). An appeal filed *in forma pauperis* is frivolous "when it appears the plaintiff has little or no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted).

The Court has concluded Daniels's petition is successive. Rather than address this issue, Daniels instead, in his notice of appeal (ECF No. 9), appears to simply rehash the substantive arguments he raised in his § 2554 petition. Additionally, the Court already decided not to issue a certificate of appealability (ECF No. 6, 2), which means that Daniels was not able to show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling. *Slack,* 529 U.S. at 484; *Franklin v. Hightower,* 215 F.3d 1196, 1199 (11th Cir. 2000). "The requirement of a certificate of appealability was meant to prevent this type of petition from proceeding any further." *Williams v. United States*, 3:10-CR-251-J-20JBT, 2014 WL 12659586, at *1 (M.D. Fla. Sept. 24, 2014). Since Daniels's claims are without merit, and since a reasonable jurist would not disagree with these conclusions, it is clear that Daniels's appeal has little chance of success. The Court therefore certifies that this appeal is not taken in good faith. The Court thus **denies** Daniels's motion to proceed *in forma pauperis* (**ECF No. 8**).

    **Done and ordered** in Miami, Florida, on December 4, 2019.

                                                Robert N. Scola, Jr.
                                                United States District Judge